IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

TANYA LYNN SILVA

    Plaintiff,

v.                                       Civil Action No. 3:15-cv-6920

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MEMORANDUM OPINION

Pending before this Court is Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 11) and Brief in Support of Defendant's Decision (ECF No. 12). This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's applications for disability insurance benefits (DIB) under Title II of the Social Security Act. Both parties have consented to a decision by the United States Magistrate Judge.

### Background

Claimant, Tanya Lynn Silva, filed an application for disability insurance benefits (DIB) on March 13, 2012. The claim was denied initially on July 31, 2012, and upon reconsideration on October 25, 2012. Claimant filed a request for hearing on November 19, 2012. A hearing was held on January 6, 2014, in Huntington, West Virginia. The Administrative Law Judge (ALJ) denied Claimant's application on January 13, 2014. The Appeals Council denied Claimant's request for review on April 23, 2015 (Tr. at 1- 4). Subsequently, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2015). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2015). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job,

and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity during the period of time from her alleged onset date of December 16, 2011, through her date last insured (DLI) of June 30, 2015 (Tr. at 12). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of degenerative disc disease, fibromyalgia, osteoarthritis, sleep apnea, obesity, depression and anxiety. (*Id.*) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 14). The ALJ then found that Claimant has a residual functional capacity for light work except she can only occasionally climb, balance, stoop, kneel, crouch and crawl. Claimant should avoid concentrated exposure to temperature extremes, vibration and hazards. She can learn and perform simple two-to-three step work-related activities and tasks in a setting that keeps changes in routine to a minimum. Tasks should be low stress with no supervisory responsibilities (Tr. at 16). The ALJ held that Claimant was unable to perform any past relevant work (Tr. at 21). Nevertheless, the ALJ concluded that Claimant could perform jobs that exist in significant numbers in the national economy such as hotel maid and garment bagger, in the light level of exertion. (Tr. at 22). In the sedentary level of exertion, Claimant could work as an inspector and a sorter. *Id*.

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a

3

>  preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

## Claimant's Background

Claimant was born on November 4, 1973, and was 40 years old on the date of the hearing. Claimant has a GED and took a three-week program to become a nurse's assistant (Tr. at 32). Claimant is married to her fifth husband and has a 15 year old daughter. Claimant has a driver's license (Tr. at 34).

## The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

## Claimant's Challenges to the Commissioner's Decision

Claimant argues that the Administrative Law Judge (ALJ) failed to fairly evaluate the credibility of the Claimant (ECF No. 11). Additionally, Claimant asserts that the ALJ failed to fairly evaluate the opinions of Claimant's consulting sources. In response, Defendant asserts that substantial evidence supports the ALJ's credibility determination (ECF No. 12). Defendant avers that the ALJ properly evaluated the opinions of Claimant's consulting sources.

Weight Afforded Medical Opinions

In the decision, the ALJ allotted various weight to medical opinions in the record.  The ALJ gave "little weight" to the opinion of Paul Craig, II, M.D., which the ALJ stated was that Claimant "could occasionally lift a maximum of less than 10 pounds; stand and walk one to two hours in an eight-hour workday, less than one hour without interruption; sit two-to-four hours in an eight-hour workday, less than one hour without interruption; and never climb, balance, stoop, crouch, kneel or crawl" (Tr. at 20).  The ALJ explained the reasons for giving little weight to Dr. Craig's opinion as: "It is emphasized that the claimant underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal." (*Id.*)

The ALJ gave "significant weight" to "the State agency medical consultant's opinion when establishing the claimant's residual functional capacity, as it is reasonably consistent with the evidence of record as a whole (Exhibit 3A)."  (*Id.*)  The ALJ did not state anything else about this opinion.  The State agency medical consultant's name was not provided nor was any detailed information of the State agency medical consultant's opinion.  Further, the ALJ did not give any explanation of the weight afforded the opinion.

The ALJ gave "little weight" to the opinion of Richard Reeser, M. A., who performed a psychological evaluation of Claimant (Tr. at 21).  The ALJ stated that:

> Mr. Reeser opined the claimant had a mild limitation in the ability to understand and remember simple instructions; carry out simple instructions; make judgments on simple work-related decisions; had a moderate limitation in the ability to interact appropriately with the public; interact appropriate[ly] with supervisors; and interact appropriately with coworkers; and had a marked limitation in the ability to understand and remember complex instructions; make

5

>>judgments on complex work-related decisions; respond appropriately to changes in a routine work setting (Exhibit 7F).

The ALJ explained the weight afforded Mr. Reeser's opinion as:

>[I]t was a one-time evaluation and the evidence of record does not support the degree of limitations. It is emphasized that the claimant underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal. Further, the doctor was presumably paid for the report. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored (Tr. at 21).

The ALJ gave "significant weight" to "the State agency psychological consultant's opinion when establishing the claimant's residual functional capacity, as it is reasonably consistent with the evidence of record as a whole (Exhibit 3A)." (*Id.*) The ALJ did not state anything else about this opinion. The State agency psychological consultant's name was not provided nor was any detailed information of the State agency psychological consultant's opinion. Further, the ALJ did not give any explanation of the weight afforded the opinion.

## Discussion

Social Security Ruling 96-6p provides that findings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the ALJ and Appeals Council levels of administrative review. ALJs and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions. In the present matter, the ALJ did not explain the weight given to the opinions of State agency medical and psychological consultants.

As explained by SSR 96-6p, the regulations provide "progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." For example, SSR 96-6p states that opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources.

Thus, SSR 96-6p concludes that the opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as (1) the supportability of the opinion in light of the evidence in the record; (2) consistency with the record, including other medical opinions; (3) and any explanation for the opinion. *Id*.

Social Security Ruling 96-7p confirms that ALJs and the Appeals Council are required to consider findings of fact by state agency medical and psychological consultants and other program physicians and psychologists about the existence and severity of an individual's impairment(s), including the existence and severity of any symptoms. *See* 65 Fed. Reg. 11,866 (Mar. 7, 2000). While ALJs and the Appeals Council are not bound by any state agency findings, they may not ignore these opinions and must explain the weight they give to the opinions in their decisions. *Id*

Further, "[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, non-treating sources, and other non-examining sources who do not work for us." (*Id.*) Examples of the kinds of factors that

7

an administrative law judge must consider when evaluating the findings of State agency medical and psychological consultants are provided in paragraph (c)[1] of §§ 404.1527 and 416.927.

The Fourth Circuit has held that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

In the present case, the ALJ did not state how the State agency medical and psychological consultants' opinions are consistent with the evidence of record. The ALJ did not provide a logical bridge between the State agency medical and psychological consultants' opinions and the residual functional capacity. As such, the analysis is incomplete and precludes meaningful review.

Conclusion

For the reasons provided above, the undersigned finds that the ALJ's lack of explanation for the weight afforded to the State agency consultants' opinions renders the analysis incomplete and precludes meaningful review. Therefore, this Court finds that the ALJ's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 11) is **GRANTED** to the extend Claimant seeks remand, the Brief in Support of Judgment on the Pleadings (ECF No. 12) is **DENIED**, the final decision of the Commissioner is **REMANDED** for further proceeding pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from this Court's docket.

---

[1] Unless a treating source's opinion is given controlling weight, all of the following factors will be considered in deciding the weight given to any medical opinion: (1) Examining relationship; (2) Treatment relationship; (3) Supportability; (4) Consistency; (5) Specialization; and (6) Other factors. 20 C.F.R. 416.927(c).

The Clerk of this Court is directed to provide copies of this Order to all counsel of record.

Enter: September 30, 2016.

_____
Dwane L. Tinsley
United States Magistrate Judge